UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Tracie Coffey, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI d/b/a MOHELA,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR**<br><br>**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.;**<br><br>**JURY TRIAL DEMANDED** |

1. Plaintiff, Tracie Coffey, brings this class action against Defendant Higher Education Loan Authority of the State of Missouri ("MOHELA") ("Defendant") to secure redress for violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227.

## INTRODUCTION

2. The TCPA is a remedial statute enacted by Congress to, *inter alia*, protect consumers from unwanted autodialed/pre-recorded voice calls.

1

As is applicable here, Congress specifically recognized that the use of automated technology in calls to consumers was more intrusive and raised greater privacy concerns than calls using live representatives:

> It is clear that automated telephone calls that deliver an artificial or prerecorded voice message are more of a nuisance and a greater invasion of privacy than calls placed by "live" persons. These automated calls cannot interact with the customer except in preprogrammed ways, do not allow the caller to feel the frustration of the called party, fill an answering machine tape or a voice recording service, and do not disconnect the line even after the customer hangs up the telephone. For all these reasons, it is legitimate and consistent with the Constitution to impose greater restriction on automated calls than on calls placed by "live" persons.

3. S. Rep. No. 102-178 (Oct. 8, 1991); *see also* Pub. L. No. 102-243, § 2(12) (1991), codified at 47 U.S.C. § 227 ("Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion."). Such calls to cell phones were seen as particularly problematic. *See* S. Rep. No. 102-178 (Oct. 8, 1991) (noting that "unsolicited calls placed to … cellular … telephone numbers often impose a cost on the called party).

4. Accordingly, the TCPA explicitly prohibits "mak[ing] any call

2

(other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A)(iii). The statute provides for injunctive relief and the greater of actual damages or $500 per violation, which can be trebled where the statute was "willfully or knowingly" violated. 47 U.S.C. § 227(b)(3).

5. The TCPA also ensures that parties involved in causing illegal calls to be made are appropriately held accountable, whether they physically made the calls or not. *See generally* In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules, 28 FCC Rcd 6574 (2013) (finding that vicarious liability under federal common law agency principles is available for violations of the TCPA, including not only based on classical agency, but on other theories, as well, such as apparent authority or ratification); *see also* In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 23 FCC Rcd 559, 565, para. 10 (2008) ("Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.").

6. In this class action, Defendant—a loan servicer—has engaged

in illegally calling the cellular telephone numbers of hundreds of consumers using an artificial or prerecorded voice without first obtaining the prior express consent of the called party.

7. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of scores of individuals. Plaintiff also seeks statutory damages on behalf of herself and members of the class, and any other available legal or equitable remedies.

8. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

9. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in its entirety.

10. Unless otherwise stated, all the conduct engaged in by Defendant took place in the Middle District of Florida.

11. Any violations by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

12. Unless otherwise indicated, the use of Defendant's names in this

Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named.

## JURISDICTION AND VENUE

13. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute.

14. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services, as well as attempts to collect from consumers within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the State of Florida and, on information and belief, Defendant has made the same phone calls complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of Florida.

## PARTIES

15. Plaintiff is a citizen of the State of Florida and currently resides

in the City of Wildwood, Sumter County.

16. Upon information and belief, Defendant MOHELA is a non-profit corporation created by the State of Missouri with its headquarters located in St. Louis, Missouri. MOHELA maintains operating centers in Columbia, Missouri as well as an office in Washington D.C.[1] MOHELA provides student loan servicing and higher education financing services.[2]

**FACTUAL ALLEGATIONS**

17. At all times relevant to this Complaint, Plaintiff was an individual residing within the State of Florida.

18. Plaintiff's cell phone ending number -4006 ("Cell") is used for residential purposes.

19. For months, Defendant repeatedly called Plaintiff on her Cell using an artificial or prerecorded voice. Plaintiff did not give Defendant prior express written consent to make these calls.

20. Plaintiff received all of these calls from phone number 888-866-4352.

21. Defendant identifies its ownership of this phone number on its

---

[1] https://www.mohela.com/DL/common/about.aspx (last visited May 23, 2024).
[2] Id.

website.[3]

22. These calls contained pre-recorded collection messages.

23. The following chart details many of Defendant's calls to Plaintiff.

| DATE | NUMBER CALLING |
|---|---|
| October 14, 2022 | 888-866-4352 |
| January 24, 2023 | 888-866-4352 |
| February 9, 2023 | 888-866-4352 |
| February 10, 2023 | 888-866-4352 |
| March 8, 2023 | 888-866-4352 |
| March 16, 2023 | 888-866-4352 |
| March 30, 2023 | 888-866-4352 |
| April 11, 2023 | 888-866-4352 |
| April 11, 2023 | 888-866-4352 |
| April 13, 2023 | 888-866-4352 |

24. Prior to the calls at issue in this action, Plaintiff never had any contact with Defendant.

---

[3] https://mohela.studentaid.gov/DL/common/contactus.aspx

7

25. Plaintiff has never consented to receive autodialed telephone calls from Defendant.

26. Plaintiff has never provided Defendant with her telephone number.

27. After being harassed for months, Plaintiff was forced to send a demand letter to Defendant dated April 19, 2023.

28. In the letter, Plaintiff indicated that she received numerous calls to her Cell and that Defendant was in violation of the TCPA.

29. Nevertheless, Plaintiff received yet another call on her Cell using an artificial or prerecorded voice on April 25, 2023 from the number 888-866-4352.

30. On April 26, 2023, Plaintiff received an email from Defendant confirming it had received the demand letter Plaintiff sent on April 19, 2023.

31. Incredibly, however, Defendant continued to make artificial or prerecorded calls in violation of the TCPA.

32. The following chart details many of Defendant's calls to Plaintiff.

| DATE | NUMBER CALLING |
|---|---|
| April 27, 2023 | 888-866-4352 |
| May 1, 2023 | 888-866-4352 |
| May 2, 2023 | 888-866-4352 |
| May 8, 2023 | 888-866-4352 |
| May 9, 2023 | 888-866-4352 |
| May 10, 2023 | 888-866-4352 |

33. Defendant's unsolicited phone calls caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

34. Defendant's phone calls also inconvenienced Plaintiff and caused disruption to her daily life.

## CLASS ALLEGATIONS

**PROPOSED CLASS**

35. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

36. Plaintiff brings this case on behalf of the Class defined as follows:

9

All persons within the United States who received any solicitation/telemarketing phone calls from Defendant to said person's cellular telephone made through the use of an artificial or prerecorded voice call and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

37. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

38. Upon information and belief, Defendant has placed prerecorded calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

39. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

40. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual

members of the Class. Among the questions of law and fact common to the Class are:

(1) Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using a pre-recorded voice;

(2) Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones;

(3) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

(4) Whether Defendant's conduct was knowing and willful;

(5) Whether Defendant is liable for damages, and the amount of such damages; and

(6) Whether Defendant should be enjoined from such conduct in the future.

55. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely made phone calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

56. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

57. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

58. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

59. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(B)
### (ON BEHALF OF PLAINTIFF AND THE CLASS)

60. Plaintiff realleges and incorporates the foregoing allegations as if set forth fully herein.

61. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

62. Defendant made non-emergency telephone calls to the cellular telephone of Plaintiff and the other members of the Class defined herein using an artificial or prerecorded voice.

63. These calls were made without regard to whether Defendant had

first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

64. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using artificial or pre-recorded voice messages to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express written consent.

65. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id*.

## COUNT II
### KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA
(ON BEHALF OF PLAINTIFF AND THE CLASS)

66. Plaintiff realleges and incorporates the foregoing allegations as if set forth fully herein.

67. At all times relevant to this Complaint, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

68. Defendant knew that it did not have prior express consent to make these calls and knew or should have known that its conduct was a violation of the TCPA.

69. Because Defendant knew or should have known that Plaintiff and Class Members had not given prior express consent and/or revoked consent to receive artificial or pre-recorded voice calls, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

70. As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff, on behalf of herself and the other members of the Class, prays for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. An injunction prohibiting Defendant from using an artificial or prerecorded voice to call message telephone numbers assigned to cellular telephones without the prior express permission of the

called party;

c. An award of actual and statutory damages;

d. An order naming Plaintiff as the class representative;

e. An order naming Plaintiff's counsel as class counsel; and

d. Such further and other relief the Court deems reasonable and just.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 28, 2024         Respectfully submitted,

BY:  /s/ Mohammad Kazerouni
     Mohammad Kazerouni, (1034549)

TRIAL COUNSEL FOR PLAINTIFF

Mohammad Kazerouni (1034549)
**Kazerouni Law Group, APC**
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
mike@kazlg.com

Ryan L. McBride (1010101)
**Kazerouni Law Group, APC**
301 E. Bethany Home Road
Suite C-195
Phoenix, AZ 85012
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
ryan@kazlg.com