## THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| **TRACIE COFFEY, individually and on behalf of others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) ) | **No.: 5:24-CV-00270-MMH-PRL** |
| **HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI d/b/a MOHELA,** | ) ) ) | |
| **Defendant.** | ) ) ) | |

### DEFENDANT HIGHER EDUCATION LOAN AUTHORITY
### OF THE STATE OF MISSOURI'S NOTICE OF APPEAL

Defendant, Higher Education Loan Authority of the State of Missouri (**MOHELA**) respectfully files this notice of its appeal of this Court's March 11, 2025 Order Denying MOHELA's Motion to Dismiss the Complaint ("Order") (Dkt. 38) to the United States Court of Appeals for the Eleventh Circuit.

The Court of Appeals has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291 and the "collateral order" doctrine. The collateral order doctrine is an exception to the general rule that an appeal as of right must await a final order or judgment in the district court. *See Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 545-47 (1949). Under the collateral order doctrine, an interlocutory order is appealable if it: (1) conclusively determines a disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment. *Freyre v. Chronister,* 910 F.3d 1371, 1378 (11th Cir. 2018).

"Both the Supreme Court and the Eleventh Circuit have held that a district court's denial of a motion to dismiss on Eleventh Amendment immunity grounds constitutes an immediately appealable collateral order." *Id.* (citing *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 147 (1993) ("We hold that States and state entities that claim to be `arms of the State' may take advantage of the collateral order doctrine to appeal a district court order denying a claim of Eleventh Amendment Immunity."); *Curling v. Sec'y of Georgia*, 761 F. App'x 927, 930–31 (11th Cir. 2019) ("In accordance with putting immunity issues to bed sooner rather than later, defendants may immediately appeal a denial of Eleventh Amendment immunity under the collateral-order doctrine, rather than waiting, as generally required, until the entry of final judgment.").

Similarly, an order denying a party's claim to state sovereign immunity is immediately appealable under the collateral order doctrine. *See, e.g., Snead v. Georgia Dep't of Corr.*, No. 24-10511, 2024 WL 4132941, at *2 (11th Cir. Sept. 10, 2024); *Seminole Tribe of Fla. v. State of Fla.*, 11 F.3d 1016, 1021 (11th Cir. 1994), *aff'd sub nom. Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996) ("Our jurisdiction in *Seminole* arises from the district court's *denial* of defendants' motion to dismiss based on sovereign immunity; such a denial grants defendants the right of an immediate, interlocutory appeal.") (emphasis in original).

In MOHELA's Motion to Dismiss the Complaint ("Motion") (Dkt. 13), MOHELA argued, *inter alia,* that it is part of the State of Missouri or alternatively an arm of the State of Missouri, and hence immune from suit under state sovereign immunity principles and the Eleventh Amendment. (Motion at 6-20). The Court

rejected those contentions and denied the Motion. (Order at 8-27.) Under *Puerto Rico Aqueduct & Sewer Auth.* and related precedents, the components of the Order denying MOHELA immunity under both state sovereign immunity principles and the Eleventh Amendment are immediately appealable under the collateral order doctrine.

Moreover, the Court's conclusion that MOHELA constitutes a "person" subject to suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), is likewise appealable under the "pendent appellate jurisdiction" doctrine, since the statutory analysis is "inextricably intertwined" with the Eleventh Amendment analysis. *See Freyre,* 910 F.3d at 1379.[1]  (Order at 27-9).

---

[1] This notice divests the District Court of jurisdiction pending appeal. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *Mahone v. Ray,* 326 F.3d 1176, 1179 (11th Cir. 2003) ("As a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal."); *United States ex rel. Bibby v. Wells Fargo Bank, N.A.*, No. 1:06-CV-0547-AT, 2015 WL 12850572, at *2 (N.D. Ga. Feb. 26, 2015) ("For example, although an appeal of a denial of motion to dismiss on immunity grounds falls within the collateral order doctrine's ambit, such an appeal warrants a stay in the district court so long as the appeal is not frivolous because it constitutes an absolute defense to liability and its very purposes [sic] is to shield individual defendants from the litigation process where qualified immunity is warranted.")

Respectfully submitted,

BY: /s/ David C. Borucke
DAVID C. BORUCKE (lead counsel)
FBN: 039195
COLE, SCOTT & KISSANE, P.A.
500 N. West Shore Blvd.
Tampa, Florida 33609
Telephone: (813) 289-9300
Facsimile: (813) 286-2900
E-mail: david.borucke@csklegal.com
Second: alison.collier@csklegal.com

*Counsel for Defendant Higher Education
Loan Authority of the State of Missouri
d/b/a MOHELA*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of March, 2025, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record including:

Mohammad Kazerouni (1034549)
Kazerouni Law Group, APC
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
mike@kazlg.com

Ryan L. McBride (1010101)
Kazerouni Law Group, APC
301 E. Bethany Home Road
Suite C-195
Phoenix, AZ 85012
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
ryan@kazlg.com

*Counsel For Plaintiff*

/s/ David C. Borucke
David C. Borucke (Lead Counsel)
Fla. Bar. No.: 039195

*Counsel for Defendant Higher Education Loan Authority of the State of Missouri d/b/a MOHELA*